STATE OF NEBRASKA, PLAINTIFF IN ERROR, V. MORRIS KELLNER, DEFENDANT IN ERROR.

1.  Criminal Law: MISDEMEANOR: TRIAL. Defendant was arrested upon a complaint, tried before a justice of the peace for a misdemeanor, convicted, and appealed to the district court. Upon trial in that court, testimony was introduced tending to establish all the material allegations of the complaint. Upon the close of the state's testimony, defendant moved the court that the cause be dismissed and the defendant discharged, which motion was sustained. *Held* Error.

2.  ———: FALSE WEIGHTS: EVIDENCE. Where a defendant was charged with keeping and having charge of scales for the purpose of weighing live stock, grain, coal, and other articles, and knowingly and willfully reporting false or untrue weights, whereby another was defrauded, it was *Held*, Competent for the purpose of showing guilty knowledge to prove that at or about the time alleged in the complaint the defendant used and caused to be used, in the weighing of stock and grain, a loaded weight, heavier than other and correct weights kept by him, thereby causing the apparent weight of the stock, hay, etc., to be diminished.

EXCEPTIONS from Madison county.

*John S. Robinson, County Attorney,* and *William V. Allen,* for plaintiff in error.

No appearance *contra.*

REESE, J.

This is a proceeding in error instituted by the county attorney of Madison county, under sections 514, 515, and 517 of the criminal code. The prosecution was instituted against defendant in error before a justice of the peace of Madison county, for a violation of section 136 of the criminal code.

A trial was had before the justice of the peace, which

resulted in a conviction of defendant in error. From the judgment of conviction he appealed to the district court. In that court a jury was impaneled and the trial proceeded with until the testimony of the state had all been introduced, when the defendant moved the court for an instruction to the jury " to find for the defendant." " The motion sustained by the court. State duly excepted. Whereupon the jury was duly discharged by the court and the prisoner discharged from custody. State duly excepted."

It is insisted here that the court erred in discharging the jury and discharging the defendant.

There is no question made which requires notice as to the sufficiency of the complaint. Our attention must be alone directed to the evidence adduced upon the trial.

Without extending this opinion to the length which would be required to copy the testimony of the various witnesses, and for the purposes of this decision alone, we think it may be said that the following facts were sufficiently established to require their submission to the jury. These are: That defendant was engaged in the business of purchasing stock and grain in the village of Madison, Madison county, using as his own a platform scales upon which to weigh the stock and grain purchased by him; that upon the occasion referred to in the testimony the witness Trine sold defendant five loads of hogs and delivered the same, they being weighed on the scales in question; that at the time that the last load of hogs was weighed he went to defendant, who was standing at the scales, picked up one of the weights, suggested that his load weighed lighter than he had expected, asked that the 2,000 pound weight which had been used should be removed, and another one placed upon the beam of the scales, which was done, and a different weight produced, but it seems not to have been definitely settled as to just what the difference was. Defendant remarked that it made about five pounds difference, which he allowed to the witness.

The weight referred to by the witness was similar to the other weights, with the exception that what appeared to be a "round drilled hole" was in the weight, which had been filled up with some white metal, resembling lead. It was shown that this weight was used by defendant in weighing stock and grain. On two or three occasions the three 2,000-pound weights were obtained from his scales, without his knowledge, and carefully weighed. Two of the weights weighed exactly four pounds each, the other, being the one containing the metal referred to, which is described as having the appearance of lead, weighed four pounds, one ounce and a half. Some testimony was introduced tending to prove the difference which would be produced in weighing by the use of the heavy weight, the other weights being shown to be correct. I quote from the testimony of one of the witnesses:

"Q. Will you state what the difference in pounds would be of a weight that was used upon the end of a beam that so used would weigh 2,000 upon the platform, and a four pound weight when there is an ounce and a half added to it? What would be the difference in pounds?

"A. As near as I can judge it is between forty-seven and fifty pounds. There is a difference. Some scales break on two pounds, and on a large platform scales like this, two pounds is as close as you can ordinarily figure. I think it will make from forty-seven to fifty pounds, ordinary quick weighing, as we ordinarily do business, and as Mr. Kellner does, and as a man ordinarily weighs."

The section of the statute above referred to makes it criminal for any person knowingly to keep or to have in charge any scales or steelyards for the purpose of weighing live stock, hay, grain, coal, or any other articles, who shall knowingly and willfully report any false or untrue weights, whereby another person or persons may be defrauded or injured. While there is no direct or positive proof that witness Trine was defrauded or injured in the sale of the

hogs referred to to defendant, yet we think there was clearly sufficient testimony upon all the essential parts of the case to require its submission to a jury.

If the two weights which were alleged to have been the correct ones were not used at all times, and the inaccurate weight was used, that weight being the heavier, it would follow that the seller of stock to defendant would be a loser, defrauded, if the loss was occasioned with the knowledge of the defendant. These facts were alone for the jury to determine upon evidence.

Probably for the purpose of proving guilty knowledge on the part of defendant, the witness Wilburger was called, sworn, and, after testifying that he had worked for defendant, said: "I unloaded grain and hogs and weighed and helped weigh part of the time."

Q. It was part of your business then to use the scales you have mentioned, that was owned by Mr. Kellner?

A. Yes, sir.

Q. Do you remember how many two thousand pound weights there were on these scales?

A. I seen three on the scales.

Q. You may describe those three weights?

A. They all looked alike to me, one of them had some lead in it or was filled with something that looked like lead.

Q. You may state to the jury where these weights were kept while you worked for Mr. Kellner?

A. Well, a part of the time they were on the scales; sometimes two and sometimes three. I found one of them up on a cross beam in the elevator one day.

Q. Which one did you find on the cross beam of the elevator?

A. One of the two thousand pound weights.

Q. Can you describe that one that you found there?

A. That was the one that had the lead in it; that is the only way I can describe it.

Q.    You say that you weighed hogs and grain for Mr. Kellner?

A.    Yes, sir.

Q.    You may go on and state to the jury if he ever interfered with you while you were weighing hogs and grain?

Defendant objects as being incompetent, irrelevant, and immaterial. Objection sustained by the court. State then and there duly excepted.

Q.    Do you know whether Mr. Kellner ever used this weight that had the lead in it?

Defendant objects as being incompetent, immaterial, and irrelevant. Objection sustained by the court. State duly excepts.

Q.    Now, Mr. Wilburger, do you know whether all three of these 2,000-pound weights were used by Mr. Kellner in weighing upon these scales while you worked for him?

Defendant objects as being incompetent, irrelevant, and immaterial. Objection sustained by the court. State duly excepts.

By Mr. Robinson : "The prosecution now offers to show by the witness upon the stand——"

Defendant objects that no offer can be made in criminal cases to prove certain facts. Objection sustained by the court. State then and there duly excepted.

Q.    I want you to tell the jury, Mr. Wilburger, if you can, whether it is true or not, while you were weighing a load of Kellner's hogs—a load of hogs on Mr. Kellner's scales, on one occasion, Mr. Kellner interfered or changed the weights?

Defendant objects as being incompetent, irrelevant, and leading. Objection sustained by the court. The state duly excepted.

As to the weight of the testimony actually given tending to prove the allegations of the complaint the jury were the

sole judges. If no testimony were introduced to prove such facts, it would have been the duty of the court, upon request, to instruct the jury to find the defendant not guilty, but, as we have heretofore said, there was evidence tending to prove each material allegation of the complaint and this should have been submitted to the jury.

While it is probably true that in the examination of the witness Wilburger the time fixed was not identical with that charged in the indictment, yet it would have been competent for the purpose of proving guilty knowledge on his part, and should have been admitted.

The court therefore erred in rejecting the offered testimony and in discharging the defendant.

JUDGMENT ACCORDINGLY.

THE other judges concur.